UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 PROCEEDING |
| | ) | |
| LINDSAY Z. OZGUNAY, | ) | CASE NO. 20-15720 |
| | ) | |
| DEBTOR. | ) | HON. JACQUELINE P. COX |

### NOTICE OF MOTION

PLEASE TAKE NOTICE that on **Tuesday, December 8, 2020, at 1:00 p.m.**, I will appear before the Honorable Jacqueline P. Cox, or any judge sitting in Judge Cox's place, and present the U.S. Trustee's **MOTION TO DISMISS CHAPTER 7 CASE**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, (1) use this link: https://www.zoomgov.com/. (2) Enter the meeting ID 1612732896. (3) Enter the passcode 778135.

**To appear by telephone**, (1) call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. (2) Enter the meeting ID 1612732896. (3) Enter passcode 778135.

**When prompted identify yourself by stating your full name.**

**To reach Judge Cox's web page** go to www.ilnb.uscourts.gov and click on the tab for Judges.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may call the matter regardless.

*/s/ Spencer Ezell*
Spencer Ezell, Attorney
United States Department of Justice
Office of the United States Trustee
219 South Dearborn, Room 873
Chicago, Illinois 60604
(262) 613-8737

## CERTIFICATE OF SERVICE

I, Spencer Ezell, an attorney, certify that I served a copy of this notice, the attached motion, exhibits, and proposed order on each entity shown on the attached list at the address shown and by the method indicated on November 23, 2020, before 5:00 p.m.

*/s/ Spencer Ezell*

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice:**

- **Trustee R Scott Alsterda**  rsalsterda@nixonpeabody.com, ralsterda@ecf.axosfs.com
- **David H Cutler**  cutlerfilings@gmail.com, r48280@notify.bestcase.com

**Parties Served via First Class Mail**:

*See Exhibit D – Declaration of Mailing/Certificate of Service*

Lindsay Z Ozgunay
31 E Ogden Ave, Apt 235
La Grange, IL 60525

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| LINDSAY Z. OZGUNAY, | ) | CASE NO. 20-15720 |
| | ) | |
| DEBTOR. | ) | HON. JACQUELINE P. COX |

## UNITED STATES TRUSTEE'S MOTION TO DISMISS CHAPTER 7 CASE

NOW COMES PATRICK S. LAYNG, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by and through his attorney, Spencer C. Ezell, and moves this Court to enter an order dismissing the Chapter 7 case of Lindsay Z. Ozgunay (the "Debtor") pursuant to 11 U.S.C. § 707(b)(3). In support of his Motion, the U.S. Trustee alleges as follows:

### JURISDICTION

1. The Court has jurisdiction to hear and determine this proceeding under 28 U.S.C. § 157(b)(2), IOP 15(a) and Local Rule 40.3.1 of the United States District Court for the Northern District of Illinois.

2. Movant is the U.S. Trustee for the Northern District of Illinois and is charged with supervising the administration of bankruptcy cases under 28 U.S.C. § 586(a). The U.S. Trustee has standing to bring this Motion under 11 U.S.C. § 307 and brings this motion pursuant to 11 U.S.C. § 707(b).

### BACKGROUND

3. On August 17, 2020, Lindsay Z. Ozgunay commenced a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, which case was assigned Case No. 20-15720.

1

4.      The Debtor lists one dependent, age 5. The Debtor has primarily consumer debt. The Debtor lists that she owes $421,187 in unsecured non-priority debt, $371,705 of which is student loan debt. Attached are copies of the Debtor's petition; Schedules A/B, I, and J; Statement of Financial Affairs; and signature pages. *See Exhibit A*.

5.      According to Schedule I, the Debtor is an anesthetist for NorthStar Anesthesia of Illinois LLC. The Debtor recently graduated from graduate school and had been an employee at NorthStar for approximately 2 months when she commenced this case.[1]

6.      The Debtor reports that she earns gross wages of $13,736.67 per month, or $164,840 on an annual basis.[2] *Exhibit A*.

7.      In addition, the Debtor also receives $1,244 per month in child support. *Exhibit A, Schedule I, Line 8c*. The Debtor indicated that she expects this income to remain steady for at least the next year. *Id., Line 13*. Between salary and child support income, the Debtor brings into her household approximately $179,768 per year.

8.      According to Schedule J, the Debtor's monthly expenses total $10,664.00. After subtracting expenses from her net income, the Debtor reports only $9.33 in monthly net income.

9.      However, the Debtor improperly includes as an expense on Schedule J the repayment of her student loan debt at $4,536 per month. This is not an allowed expense for a Chapter 7 debtor. Furthermore, the Debtor includes $640 per month in transportation expenses, which consists of $240 in tolls and $400 in general transportation costs, not including insurance

---

[1] It is unclear whether an anesthetist is required to be licensed in the state of Illinois. No licensure is disclosed on Schedule A/B. *See Exhibit A, Schedule A/B, Line 27*.

[2] Notwithstanding the Debtor's substantial income, her Statement of Current Monthly Income yielded a "below median" result because the Debtor had not been earing income during most of the six-month look back period. Attached is a copy of the Debtor's Statement of Current Monthly Income (the "Means Test"). *See Exhibit B*.

or vehicle payment (which total an additional $510). Certain of these expenses appear to be excessive and/or without justification and should not be permitted.

## ARGUMENT

### I. THE DEBTOR'S CASE SHOULD BE DISMISSED UNDER 11 U.S.C. § 707(b)(3)

10. The Debtor's case is an abuse of the provisions of Chapter 7. The Debtor is a high-income individual, bringing in just under $180,000 per year for a household of two. As set forth below, the Debtor has just under $5,000 of monthly disposable income available for debt repayment. The Debtor is not needy nor has she suffered any calamity that drove her into bankruptcy. Rather, the Debtor is a recent graduate who, without any belt-tightening at all, improperly seeks to prefer her student loan debt over all her other general unsecured debt. The Debtor has the ability to repay 65% of all her unsecured debt in 60 months without impacting her lifestyle.[3] Notably, the Debtor's nearly immediate petition for relief after completing graduate school reflects no attempt to repay her creditors. Allowing this case to proceed under the provisions of Chapter 7 of the Bankruptcy Code would be an abuse of the system.[4]

---

[3] This figure does not include the extra $452 in monthly income that would arise if the Debtor's transportation expense is reduced from $640 per month to the IRS standard of $188 per month, which the U.S. Trustee argues is appropriate below.

[4] Illuminating the Debtor's decision to file without attempting to repay her debts is the fact that while still in graduate school the Debtor engaged in more than casual gambling. The Debtor's Statement of Financial Affairs reflects gambling winnings of $8,000 in 2018 and gambling losses of $1,000 in the year before the petition date. *See Exhibit A, SOFA Lines 5, 15*. Also, the Debtor's SOFA states that she made no payments of $600 or more to any creditors in the 90 days prior to filing. *Exhibit A, SOFA, Line 6*.

3

11. This case should be dismissed under 11 U.S.C. § 707(b)(1) because the totality of the circumstances demonstrate that the Debtor's case is an abuse of Chapter 7. *See* 11 U.S.C. §§ 707(b)(1), (b)(3).

12. Section 707(b)(3) directs courts to consider whether the case is an "abuse" of the Chapter 7 based on factors other than those addressed by the Means Test in § 707(b)(2). Specifically, the Court "shall consider" whether the case was filed in "bad faith," *see* 11 U.S.C. § 707(b)(3)(A), or whether "the totality of the circumstances of the debtor's financial situation . . . demonstrates abuse." *See* 11 U.S.C. § 707(b)(3)(B).

13. The Seventh Circuit has stated that a "totality of circumstances" examination under § 707(b)(3)(B) can take into consideration the debtor's actual income and expenses. *In re Ross-Tousey*, 549 F.3d 1148, 1161–62 (7th Cir. 2008) (citing *In re Zaporski*, 366 B.R. 758, 768 (Bankr. E.D. Mich. 2007)). The most important factor when assessing abuse under Section 707(b)(3) is the Debtor's ability to repay unsecured creditors. *See, e.g.*, *In re Bacardi*, 09 B 25757, 2010 WL 54760, *5 (Bankr. N.D. Ill. Jan. 6, 2010) (holding that debtor's ability to pay, without more, was sufficient basis to dismiss a Chapter 7 case for abuse under section 707(b)(3)(B)).

14. Bankruptcy Courts in this District have also ruled on the "totality of the circumstances" test. In the case *In re Roppo*, 442 B.R. 888 (Bankr. N.D. Ill. 2010), the Court identified several factors, in addition to the ability to repay, that were relevant to the "totality of the circumstances" analysis. Those factors include whether the petition was filed because of sudden illness, calamity, disability, or unemployment; whether the debtor made purchases exceeding debtor's ability to pay; whether the debtor's proposed budget is excessive or unreasonable; and whether the debtor's schedules accurately reflect the debtor's true financial

condition. *See also In re Lorenca*, 422 B.R. 665 (Bankr. N.D. Ill. 2010); *In re Bacardi*, 09 B 25757, 2010 WL 54760 (Bankr. N.D. Ill. Jan. 6, 2010).

15. In assessing the debtor's ability to pay unsecured creditors under a totality of the circumstances examination, "courts may take into account both current and foreseeable circumstances." *In re Ng*, 477 B.R. 118, 126 (B.A.P. 9th Cir. 2012).

16. The Debtor has a household of two and brings in a total of just shy of $180,000 per year. The Debtor has gross monthly income of $13,736.67 and also receives $1,244 per month in child support. *See Exhibit A, Schedule I.* The Debtor reported various expenses on Schedule J, including $4,536 for student loan debt repayments, which left her with a net monthly income of $9.33. *See Exhibit A, Schedule J.*

>    *A.   The Debtor Cannot Include Repayment*
>    *of General Unsecured Debt on Schedule J.*

17. The Debtor cannot claim repayment of student loan debt as an expense on Schedule J. Although not dischargeable pursuant to section 523(a)(8), student loan obligations constitute nonpriority general unsecured debts. *In re Kubatka*, 605 B.R. 339, 365 (Bankr. W.D. Pa. 2019). In other words, student loan payments are debt payments and not reasonably necessary living/household expenses. Therefore, such payments cannot be factored on Schedule J, and instead the amount allocated to that debt repayment must be considered part of the Debtor's net disposable income available for payment to creditors.[5] *Id.* at 366; *see also In re Delbecq*, 368 B.R. 754, 756 (Bankr. S.D. Ind. 2007); *In re McClellan*, 428 B.R. 737, 743 (Bankr. N.D. Ohio 2009).

---

[5] On the face of the Debtor's schedules, she may exceed the Section 109(e) debt limitation for chapter 13. However, the Debtor remains eligible for chapter 11 and has the ability to fund a meaningful distribution to all her general unsecured creditors.

18.     Furthermore, the law does not permit a Debtor to prefer one general unsecured creditor over another. *See, e.g.*, *In re Baker*, 400 B.R. 594, 601 (Bankr. N.D. Ohio 2009) ("Granting a discharge to the Debtor, when her unsecured creditors will receive 2% dividends while her student loan creditor receives a 100% dividend, which will violate the principle of equitable distribution to creditors."). To do so would violate the distribution scheme Congress carefully set forth in the Bankruptcy Code. This conclusion is not altered by the fact that student loan debt is generally not dischargeable in a Chapter 7. While Congress could have provided for a higher priority for the repayment student loan debt under Section 507, it did not do so. And the Debtor is bound by the express provisions of the Bankruptcy Code.

19.     Accordingly, the Debtor's expenses on Schedule J should be reduced by $4,536.

### B.     *The Debtor's Transportation Expenses are Overstated and Should be Reduced*

20.     The Debtor's transportation expenses are overstated and should be reduced. The Debtor lists a total of $1,150 for her aggregate transportation expenses: $400 for "transportation," $240 for tolls, $380 for installment or lease payments, and $130 for auto insurance. *Exhibit A, Schedule J*. Combining the toll expense with the transportation expense adds up to $640 per month just in generic transportation costs, which exceeds the IRS Standard of $188 per month by $452. The IRS Standards, while not dispositive in a § 707(b)(3) analysis, may be used by courts as a reference to determine whether a debtor's expenses are reasonable. *See In re Croft*, 539 B.R. 122, 134 (Bankr. W.D. Tex. 2015); *see also In re Talley*, 389 B.R. 741, 744 (Bankr. W.D. Wash. 2008). If the Debtor's generic transportation expense is reduced from $640 per month to $188 per month, the Debtor would have an extra $452 in net monthly income for debt repayment.

21.     Lastly, the Debtor is not needy and testified to no sudden calamity resulting in the need for bankruptcy relief. On the contrary, the Debtor has recently graduated and begun stable

employment with a significant income. She is now employed as an anesthetist at NorthStar, where she receives a substantial salary of $13,736.67 per month, or $164,840.04 per year. Between salary and child support income, the Debtor brings into her household approximately $179,768 per year. *See In re Wadsworth*, 383 B.R. 330, 333 (Bankr. N.D. Ohio 2007) (dismissing Chapter 7 case under section 707(b)(3)(B) because "a debtor, having a stable annual income of almost $100,000, will be hard pressed to establish that they do not have the ability to pay some of their unsecured debt.").

22. The Debtor has the ability to repay a significant portion of her unsecured debt, and to date, has not evidenced any attempt to do so. Adjusting Schedule J to omit the student loan debt payment and reduce the transportation expense yields monthly disposable income of $4,997.33 that could be used to fund payments to creditors ($9.33 + $4,536 + $452). *See Exhibit C*, annexing a copy of the *Certification of Andrew Hunt in Support of Motion to Dismiss Chapter 7 Case*.

23. Based on the above and given the totality of the circumstances, this case should be dismissed pursuant to § 707(b)(3) as an abuse.

**WHEREFORE**, the U.S. Trustee requests the Court to enter an order dismissing the Debtor's case pursuant to Section 707(b)(3)(B) of the Bankruptcy Code and for such other relief as is just.

                                            RESPECTFULLY SUBMITTED:
                                            PATRICK S. LAYNG
                                            UNITED STATES TRUSTEE

Dated: November 23, 2020                 By: /s/ Spencer C. Ezell
                                            Spencer C. Ezell, Trial Attorney
                                            OFFICE OF THE U.S. TRUSTEE
                                            219 S. Dearborn Street, Room 873
                                            Chicago, Illinois 60604
                                            262-613-8737